Kundan SINGH, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–76520.

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Nov. 6, 2006.*

Filed Nov. 9, 2006.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robert D. Brook, Esq., U.S. Department of Justice, Environmental Enforcement Section, David V. Bernal, Attorney, Regina Byrd, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

MEMORANDUM **

Kundan Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals adopting and affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. The IJ made an adverse credibility finding against Singh, which we review for substantial evidence. *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000). "So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [a petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003). We deny the petition for review.

Substantial evidence supports the adverse credibility determination because, on multiple occasions after his arrival in the United States, Singh provided a birth date that differs from the date he gave at his deportation hearing and from that contained in Indian documents submitted by him. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (holding that identity is a "key element[ ] of the asylum application" that must be credibly estab-

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

lished by the applicant). The IJ considered Singh's explanation that his prior counsel's error initiated a chain of incorrect birth dates. However, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Singh–Kaur v. INS,* 183 F.3d 1147, 1150 (9th Cir.1999) (internal quotation marks and citation omitted).

By failing to qualify for asylum, Singh fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Singh is not entitled to CAT relief because he did not show that it is more likely than not that he would be tortured if returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.